# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 10-50211
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL LOPEZ-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-968-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Lopez-Cruz (Lopez) pleaded guilty without a written plea agreement to illegal reentry after deportation and was sentenced within the advisory guidelines range to 46 months of imprisonment and three years of supervised release.

Lopez argues that the district court imposed a sentence greater than necessary to meet the goals of sentencing in 18 U.S.C. § 3553(a) and that the sentence is, therefore, substantively unreasonable.  He contends that (1) his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history was overstated due to the double-counting of his prior sexual assault conviction in both his criminal history and his offense level calculations; (2) his short incarceration for 120 days for the sexual assault conviction indicated that his 46-month sentence was greater than necessary to deter future crime or protect the public; and (3) nothing in the record demonstrated that his sentence was necessary to provide him with educational training, medical care, or other correctional treatment.

Lopez argues that although he did not object to the reasonableness of his sentence in the district court, no such objection was necessary to preserve the issue for review. He also argues that an appellate presumption of reasonableness should not apply to his sentence because U.S.S.G. § 2L1.2 is not supported by empirical data. Lopez correctly acknowledges, however, that these arguments are foreclosed by this court's precedent, and he asserts that he is raising them only to preserve them for future review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The record demonstrates that the district court considered the § 3553(a) factors and Lopez's arguments at sentencing before determining that Lopez's within-guidelines sentence was fair and reasonable, and thus Lopez has failed to rebut the presumption of reasonableness that this court applies to his within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). As a result, Lopez has not shown that the district court committed plain error by imposing an unreasonable sentence. *See Peltier*, 505 F.3d at 391-92.

AFFIRMED.